IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE, INC.,<br>Plaintiff<br>v.<br><br>CLYDE L. REESE III, Esq., in his official capacity as Commissioner of THE DEPARTMENT OF COMMUNITY HEALTH,<br>Defendant. | )<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  FILE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The Georgia Advocacy Office, Inc. ("GAO"), by and through counsel, brings this action pursuant to 42 U.S.C. §1983 for injunctive and declaratory relief against Defendant Clyde L. Reese III, Esq., in his official capacity as the Commissioner of Georgia's Department of Community Health, to redress Defendant's violations of GAO's rights under the federal laws governing the activities of the designated protection and advocacy systems ("P&A Acts") to conduct investigations and access records. 29 U.S.C. § 794e(f); 42 U.S.C. § 15043(a).

## NATURE OF PROCEEDINGS

1.     GAO brings this action under 42 U.S.C. §1983 for injunctive and declaratory relief to redress Defendant's denial of access by GAO, the designated Protection and Advocacy System for the State of Georgia, to records maintained by Defendant.

2.     Defendant has violated and continues to violate GAO's right of access to records related to investigations of abuse and neglect of individuals with disabilities by refusing to provide access to investigatory records related to such individuals.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States, including, the Protection and Advocacy of Individual Rights (PAIR) Program of the Rehabilitation Act, 29 U.S.C. § 794e, and the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the "DD Act"), 42 U.S.C. §§15001 *et seq.*

4.     This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

5.      Venue is proper in the United States District Court for the Northern of

Georgia pursuant to 28 U.S.C. § 1391(b), as the Defendant is deemed to reside in

the Northern District of Georgia.

## THE PARTIES

6.      GAO is a private, non-profit Georgia corporation that provides

protection and advocacy services to individuals with disabilities throughout the

State of Georgia.  GAO has been designated since 1977 as Georgia's protection

and advocacy system ("P&A") to protect the legal and human rights of individuals

with disabilities in the State of Georgia pursuant the federal legislation collectively

referred to as the P&A Acts: The Developmental Disabilities Assistance and Bill

of Rights Act of 2000 (the "DD Act"), 42 U.S.C. §§15001 *et seq*., the Protection

and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C.

§10801 *et seq.*, and the Protection and Advocacy of Individual Rights ("PAIR")

Program of the Rehabilitation Act, 29 U.S.C. § 794e.

7.      Under its federal mandate as the designated P&A, GAO is vested with

the authority to investigate specific incidents of abuse and neglect and to conduct

monitoring activities to protect the rights and safety of individuals with disabilities.

42 U.S.C. §10805(a); 42 U.S.C. §15043(a)(2)(B); 29 U.S.C. § 794e(f).  GAO is

also vested with the authority to access records of individuals with disabilities.  42

U.S.C. §10805(a)(4); 42 U.S.C. §15043(a)(2)(I)-(J); 29 U.S.C. § 794e(f)(2).

8.      Defendant Clyde L. Reese III, Esq., is being sued in his official capacity as the Commissioner of the Georgia Department of Community Health ("DCH").  As Commissioner of DCH, Defendant Reese is responsible for the operation of DCH, including the Health Facility Regulation Division ("HFR") of DCH.

9.      HFR is responsible for health care planning, licensing, certification and oversight of various health care facilities and services in Georgia.  HFR is contracted by the federal Centers for Medicare and Medicaid Services ("CMS") to serve as the state survey agency for Georgia to investigate complaints or incidents at skilled nursing facilities in Georgia.  (Throughout this complaint, Defendant Reese and DCH will sometimes be collectively referred to as "DCH.")

10.     At all times relevant to this action, Defendant Reese and the employees and agents of DCH have acted under color of state law.

## FACTS

### Authority of Protection and Advocacy Systems

11.     As the P&A, GAO has broad federal authority to access records of individuals with disabilities.  42 U.S.C. §10805(a)(4); 42 U.S.C. §15043(a)(2)(I)-(J); 29 U.S.C. § 794e(f)(2). The two primary federal statutes that provide this

access authority are the DD Act, 42 U.S.C. §15001 *et seq.*, and PAIMI, 42 U.S.C. §10801 *et seq.* The PAIR Program expressly incorporates by reference the authorities contained in the DD Act. *See* 29 U.S.C. 794e(f)(2).

12.　　There are two ways a P&A can access records pursuant to its federal authority: (1) if the individual or guardian authorizes access, 42 U.S.C. § 15043(a)(2)(I)(i); 45 C.F.R. § 1386.25(a)(1); 42 U.S.C. § 10805(a)(4)(A); 42 C.F.R. § 51.41(b)(1), or (2) if the P&A asserts probable cause, 42 U.S.C. § 15043(a)(2)(I)(ii)-(iii); 45 C.F.R. § 1386.25(a)(2)-(3); 42 U.S.C. § 10805(a)(4)(B); 42 C.F.R. § 51.41(b)(2)-(3).

13.　　When accessing records, GAO is entitled to "all records" related to the individual. 42 U.S.C. § 15043(a)(2)(I); 42 U.S.C. § 10805(a)(4).

14.　　This includes "[r]eports prepared by a Federal, State or local governmental agency . . . charged with investigating incidents of abuse or neglect, injury or death." 45 C.F.R. § 1386.25(b)(2). The regulations specifically identify "State and Federal licensing and certification agencies" as organizations that are subject to this requirement, "regardless of whether they are protected by federal or state law." *Id.*

15.　　HFR is a state licensing and certification agency charged with investigating incidents of abuse or neglect, injury or death.

16.     Federal law requires records to be provided to the P&A system within three business days after receipt of a written request from the P&A. 42 U.S.C. § 15043(a)(2)(J)(i); 45 C.F.R. § 1386.25(c)(2).

### DCH's Denial of GAO Record Requests

17.     GAO received information that R., a person with a traumatic brain injury, had been sexually assaulted at Pruitt Health-Eastside, a skilled nursing facility in Macon, Georgia.

18.     R. is a person with a disability and is eligible for protection and advocacy services from GAO pursuant to the PAIR Act. *See* 29 U.S.C.A. § 794e(a)(1).  R. is capable of authorizing access to her records and authorized GAO to have access to her records pursuant to the P&A Acts.

19.     GAO determined it had probable cause to believe that R. had been subject to abuse and opened an investigation into the matter. GAO determined that HFR had records relevant to GAO's investigation.

20.     On July 27, 2015, GAO sent a letter to HFR requesting investigatory records related to the assault involving R. The request was made pursuant to GAO's federal access authority under 29 U.S.C. §794e(f)(1)-(2) (incorporating 42 U.S.C. §15043(a)(2)(I)(i)).

21.      On July 29, 2015, HFR denied the request for records.

22.     GAO sent a second request to HFR's legal officer for the records on

July 30, 2015, that clarified GAO's access authority and entitlement to the records.

23.     On August 6, 2015, HFR again denied the request for records. To

date, GAO has not received any responsive records from HFR related to R.

24.     GAO received information that G., a person with physical disabilities,

had been subject to neglect while at Pinehill Nursing Center, a skilled nursing

facility in Byromville, Georgia, and at Miona Geriatric and Dementia Center, a

skilled nursing facility in in Ideal, Georgia.  Specifically, GAO received

information that both facilities failed to provide G. with an appropriate wheelchair.

25.     The failure to provide G. with medically necessary equipment resulted

in physical injury and harm to G.

26.     G. is a person with a disability and is eligible for protection and

advocacy services from GAO under the PAIR Act. *See* 29 U.S.C.A. § 794e(a)(1).

G. is capable of authorizing access to his records and authorized GAO to have

access to his records pursuant to the P&A Acts.

27.     GAO filed a complaint with CMS regarding Pinehill and Miona's

failure to provide appropriate equipment to G., which resulted in injury to him.

CMS delegated the investigation to HFR.

28.     GAO requested records from HFR related to G. on August 10, 2015,

pursuant to GAO's authority under the PAIR Act, which incorporates by reference the provisions of the DD Act. *See* 29 U.S.C. § 794e(f)(1)-(2).

29.    Specifically, GAO requested access to records related to HFR's investigation of Miona Geriatric and Dementia Center in Ideal, Georgia and HFR's investigation of Pinehill Nursing Center in Byromville, Georgia.

30.    HFR denied GAO's request for records on August 12, 2015.

31.    To date, GAO has not received any responsive records from HFR related to G.

## COUNT ONE

32.    The allegations of the numbered paragraphs above are incorporated herein by reference.

33.    GAO's right to access records of individuals with disabilities is secured by federal law.  Specifically, GAO has access to records pursuant to the P&A Acts. 42 U.S.C. §10805(a)(4); 42 U.S.C. §15043(a)(2)(I)-(J); 29 U.S.C. § 794e(f)(2).

34.     Defendant is violating the P&A Acts, 29 U.S.C. § 794e and 42 U.S.C. §15041 *et seq.*, and their implementing regulations by denying GAO's full, complete, and timely access to the records of R. and G.

35.     By denying GAO's full, complete, and timely access to the records of

R. and G., Defendant has, and is, interfering with GAO's ability to effectively perform its obligations under the P&A Acts in accordance with its Congressional mandate, and is therefore causing GAO to suffer irreparable harm for which there is no adequate remedy at law. Pursuant to 42 U.S.C. § 1988, GAO should recover a reasonable attorney's fee as part of its costs for taking action to enforce Section 1983.

WHEREFORE, GAO respectfully requests that the Court:

(a)     Declare that Defendant has violated the rights of GAO under the P&A Acts by unlawfully denying GAO's access to records.

(b)     Preliminarily and permanently enjoin Defendant and his successors from denying GAO prompt access to records to which GAO is entitled under the P&A Acts.

(c)     Award GAO litigation expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

(d)     Award such other relief as may be just, equitable and appropriate.

Respectfully submitted, this 24th day of September, 2015.

s/ Joshua H. Norris
Georgia Bar No. 545854

s/ Katherine D'Ambrosio
Georgia Bar No. 780128

Attorneys for Plaintiff

Georgia Advocacy Office
150 E. Ponce de Leon Avenue, Suite 430
Decatur, Georgia 30030
Telephone: (404) 885-1234
Facsimile: (404) 378-0031
E-mail: jnorris@thegao.org
kdambrosio@thegao.org