IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE, INC., <br> Plaintiff <br> v. <br><br> CLYDE L. REESE III, Esq., in his official capacity as Commissioner of THE DEPARTMENT OF COMMUNITY HEALTH, <br> Defendant. | CIVIL ACTION <br> FILE NO. 1:15-CV-03372-AT |

## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff Georgia Advocacy Office, Inc. ("GAO"), by and through counsel, submits this Memorandum of Law in support of its Motion for Summary Judgment and Injunctive Relief.

### I.   INTRODUCTION

Plaintiff GAO brought this action seeking declaratory and injunctive relief under 42 U.S.C. § 1983 to redress Defendant's ongoing violation of Plaintiff's rights under the federal laws governing the activities of the designated protection and

advocacy systems ("P&A Acts")[1] to conduct investigations and access records. 29 U.S.C. § 794e(f); 42 U.S.C. § 15043(a).  This case arose out of Defendant's denial of access to GAO to certain records in possession of Defendant.  GAO now seeks summary judgement and injunctive relief to redress Defendant's violation of GAO's right to access records under the P&A Acts.

## II.     STATEMENT OF FACTS

The parties have stipulated to all facts material to the disposition of this case. [Doc. 16].  The following is a summary of the stipulated facts.

Plaintiff GAO is a private, non-profit Georgia corporation that provides protection and advocacy services to individuals with disabilities throughout the State of Georgia. [Doc. 16 ¶ 1].  GAO operates as Georgia's designated protection and advocacy system ("P&A") for protecting the rights of individuals with disabilities pursuant to federal legislation collectively referred to as the Protection and Advocacy Acts ("P&A Acts"). [*Id*.].  The P&A Acts include the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the "DD Act"), 42 U.S.C. §§15001 *et seq*., the Protection and Advocacy for Individuals

---

[1] The federal legislation collectively referred to as the P&A Acts are as follows: The Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the "DD Act"), 42 U.S.C. §§15001 et seq., the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. §10801 et seq., and the Protection and Advocacy of Individual Rights ("PAIR") Program of the Rehabilitation Act, 29 U.S.C. § 794e.

with Mental Illness ("PAIMI") Act, 42 U.S.C. §10801 *et seq.*, and the Protection and Advocacy of Individual Rights (PAIR) Program of the Rehabilitation Act, 29 U.S.C. § 794e. [*Id.*].

HFR, a division of the Georgia Department of Community Health ("DCH"), is a state licensing and certification agency responsible for the oversight of various health care facilities and services in the state of Georgia. [*Id.* ¶3]. HFR is contracted by the federal Centers for Medicare and Medicaid Services ("CMS") to serve as the state survey agency for Georgia to investigate complaints or incidents at skilled nursing facilities in Georgia. [*Id.*].

GAO initiated this action after HFR denied GAO's requests for investigatory records related to the abuse and neglect of two individuals with disabilities at three skilled nursing facilities in Georgia. GAO made its first request for records pursuant to the P&A Acts by a letter to HFR on July 27, 2015 after receiving information that R., a person with a physical disability, had been subject to abuse at a skilled nursing facility in Macon, Georgia. [*Id.* ¶¶ 5, 7]. GAO determined that HFR had records relevant to GAO's investigation. [*Id.* ¶ 6]. R. authorized GAO to have access to her records pursuant to the P&A Acts. [*Id.* ¶ 5]. HFR denied GAO's request on July 29, 2015 pursuant to directions from the Region 4 Office of the Centers for Medicaid & Medicaid Services of the U.S. Department of Health

and Human Services ("CMS"). [*Id*. ¶ 8]. GAO sent a second request to HFR's legal officer for the records on July 30, 2015, that clarified GAO's access authority and entitlement to the records. [*Id*. ¶ 9]. On August 6, 2015, HFR again denied the request for records. [*Id*. ¶ 10].

GAO's second request for records from HFR concerned G., a person with physical disabilities, was subject to neglect while at a skilled nursing facility in Byromville, Georgia, and at a skilled nursing facility in in Ideal, Georgia. [*Id*. ¶ 11]. GAO filed a complaint with CMS regarding the failure of the two skilled nursing facilities to provide appropriate wheelchair to G., which resulted in injury to him. [*Id*. ¶ 13]. CMS delegated the investigation to HFR. Id. G. authorized GAO to have access to his records pursuant to the P&A Acts. [*Id*. ¶ 12]. On August 10, 2015, GAO requested records from HFR pursuant to the P&A Acts related to HFR's investigations of the two skilled nursing facilities arising out of G.'s injuries. [*Id*. ¶¶ 14, 15]. HFR denied GAO's request on August 12, 2015, pursuant to directions from the Region 4 Office of the Centers for Medicare & Medicaid Services of the U.S. Department of Health and Human Services ("CMS"). [*Id*. ¶ 16].

HFR has possession of investigatory records related to R. and G. [*Id.* ¶ 18]. However, to date, GAO has not received any responsive records from HFR related to R. or G. [*Id.* ¶ 17].

### III.   ARGUMENT AND CITATION OF AUTHORITIES

#### A. Summary Judgment Standard

The Court must grant summary judgment if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A factual issue is material if resolving the factual issue might change the suit's outcome under the governing law. Id.  The motion should be granted only if no rational fact finder could return a verdict in favor of the non-moving party. *Id*. at 249, 106 S.Ct. 2505.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).  The moving party need not positively disprove the opponent's case; rather, the moving party must establish

5

the lack of evidentiary support for the non-moving party's position. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue for trial. *Id*. at 324-26, 106 S.Ct. 2548. The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. 2505.

### B. Permanent Injunction Standard

A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. "A plaintiff must demonstrate: (1) that is has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court. *Id.* Additionally, a district court may enter an injunction without a hearing where material facts are not in dispute and

the defendant was provided with requisite notice of plaintiff's request for injunctive relief. *See Cumulus Media, Inc. v. Clear Chanel Communications*, 304 F.3d 1167, 1178 (11th Cir. 2002); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310-14 (11th Cir. 1998).

### C. P&A Authority

Congress enacted the P&A Acts to protect the legal and human rights of individuals with disabilities through the creation of state P&A Systems. 29 U.S.C. § 794e; 42 U.S.C. § 15041.  Under its federal mandate as the designated P&A, GAO is vested with the authority to investigate specific incidents of abuse and neglect and to conduct monitoring activities to protect the rights and safety of individuals with disabilities. 42 U.S.C. §10805(a); 42 U.S.C. §15043(a)(2)(B); 29 U.S.C. § 794e(f). GAO is also vested with the authority to access records of individuals with disabilities. 42 U.S.C. §10805(a)(4); 42 U.S.C. §15043(a)(2)(I)-(J); 29 U.S.C. § 794e(f)(2).

The two primary federal statutes that provide this access authority are the DD Act, 42 U.S.C. §§15001 *et seq.*, and the PAIMI Act, 42 U.S.C. §§10801 *et seq.* The record requests in this case were made pursuant to the Protection and Advocacy of Individual Rights ("PAIR") Program of the Rehabilitation Act, 29 U.S.C. § 794e. [Doc. 16 ¶¶ 7, 14]. The PAIR Program expressly incorporates by reference the

authorities contained in the DD Act. *See* 29 U.S.C. 794e(f)(2). Accordingly, the following legal analysis focuses on GAO's access authority under the DD Act.

        **1.     Federal Statutory Law Mandates That The P&A Is Entitled To Access "All Records"**

Under its federal mandate as the designated P&A, GAO is vested with the authority to investigate specific incidents of abuse and neglect and to conduct monitoring activities to protect the rights and safety of individuals with disabilities. 42 U.S.C. §15043(a)(2)(B); 29 U.S.C. § 794e(f). GAO is also vested with the authority to access records of individuals with disabilities when it has an authorization, when it determines there is probable cause to believe that abuse or neglect has occurred, or in any case of death. 42 U.S.C. §15043(a)(2)(I)-(J); 29 U.S.C. § 794e(f)(2). The DD Act explicitly provides that P&As are entitled to "all records" related to the individual. 42 U.S.C. § 15043(a)(2)(I). The statute further clarifies that the P&A shall have "records that are relevant to conducting an investigation . . . not later than 3 business days after the [P&A] makes a written request for the records involved." 42 U.S.C. § 15043(a)(2)(J)(i). In sum, federal statutory law requires that <u>all</u> records be provided to the P&A within three days of a written request. There are no exceptions to this requirement.

As the Eleventh Circuit has explained, access to records is essential to P&A investigations. *Ala. Disabilities Advocacy Program v. J.S. Tarwater Developmental*

*Cir.*, 97 F.3d 492, 497 (11th Cir. 1996) (P&As require "broad access to records, facilities, and residents to ensure that [their] mandates can be effectively pursued"). Indeed, without sufficient access to records, GAO is incapable of fulfilling its statutory obligations. *See Mississippi Prot. & Advocacy Sys., Inc. v. Cotten*, 929 F.2d 1054, 1058-59 (5th Cir. 1991) (finding that the Developmental Disabilities Act requires "an 'effective' advocacy system," and that "[t]he state cannot satisfy the requirements of [the Act] by establishing a protection and advocacy system which has this authority in theory, but then taking action which prevents the system from exercising that authority"); *Alabama Disabilities Advocacy Program v. J.S. Tarwater Developmental Ctr.*, 894 F. Supp. 424, 429 (M.D. Ala. 1995) *aff'd*, 97 F.3d 492 (11th Cir. 1996) ("The authority to investigate would mean nothing and advocacy in the form of investigation would be ineffective without access to records.").

Other Circuits have also broadly interpreted P&A authority to access records. In *Protection & Advocacy For Persons With Disabilities, Conn. v. Mental Health & Addiction Services*, 448 F.3d 119 (2d Cir. 2006) (Sotomayor, J.), in the context of records requests made pursuant to the PAIMI Act, the Second Circuit made clear that "all records" means all records. In that case, the P&A and the record custodian disputed whether the PAIMI Act requires the disclosure of peer review records. *Id.*

at 124. The Second Circuit analyzed the access provisions of the PAIMI Act, which are analogous to the access provisions of the DD Act. *Id.* at 123. The Court held that the plain language of the PAIMI Act required disclosure of the records. *Id.* at 128. The Tenth and Third Circuits reached the same conclusion in similar cases. *See Ctr. for Legal Advocacy v. Hammons*, 323 F.3d 1262, 1270 (10th Cir. 2003) (noting that "the statutory phrase 'all records of . . . any individual' is quite broad"); *Pa. Prot. & Advocacy, Inc. v. Houstoun*, 228 F.3d 423, 426 (3d Cir. 2000) (Alito, J.) ("The peer review reports certainly constitute 'records' in the ordinary sense of the term . . . .").

The situation is the same here. The plain language of the DD Act requires disclosure of "all records of . . . any individual." 42 U.S.C. § 15043(a)(2)(I).

In addition to the clear mandate in the statute, the U.S. Department of Health and Human Services ("HHS") has promulgated regulations under the DD Act that explicitly provide for P&A access authority to federal and state investigatory records. The DD Act regulations provide that "[i]ndividual records to which P&A systems *must* have access under [the DD Act] . . . *shall* include, but shall not be limited to . . . reports prepared by a Federal, State or local governmental agency . . . charged with investigating incidents of abuse or neglect, injury or death." 45 C.F.R. § 1386.25(b)(2) (emphasis added). The regulation sets out the "organizations whose reports are subject to this requirement," and this list includes "State and Federal

licensing and certification agencies."[2] *Id.* It further specifies that such organizations must comply with this requirement "*regardless of whether they are protected by federal or state law.*" *Id.* (emphasis added). It is clear that federal law requires disclosure of the requested records to GAO.

### D. Plaintiff is entitled to Summary Judgment

There is no genuine issue as to any material fact in this case as the parties have stipulated to the facts. The P&A Acts make clear that state survey agencies, like HFR, must disclose individual records and reports relating to incidents of abuse or neglect to the P&A Systems under federal law. Accordingly, Plaintiff is entitled to judgment as a matter of law, and its Motion for Summary Judgment is due to be granted.

---

[2] It is worth noting that the regulation identifies an expansive list of organizations – including state and federal licensing and certification agencies – that are subject to the reporting requirements under the DD Act. This list includes agencies in the foster care systems, developmental disabilities systems, prison and jail systems, public and private educational systems, emergency shelters, criminal and civil law enforcement agencies such as police departments, agencies overseeing juvenile justice facilities, juvenile detention facilities, all pre– and post–adjudication juvenile facilities, and private accreditation organizations such as the Joint Commission on the Accreditation of Health Care Organizations or by medical care evaluation or peer review committees. 45 C.F.R. § 1386.25(b)(2).

### E. Plaintiff is entitled to Injunctive Relief

GAO has satisfied the four-factor test for the entry of a permanent injunction. First, Defendant's failure to allow the required access to records by GAO constitutes irreparable injury. GAO is required to fulfill its Congressional mandate under the P&A Acts to, among other things, investigate abuse and neglect. By denying GAO prompt access to records as part of an investigation, Defendant has injured and continues to injure GAO by impairing its ability to function as the P&A.

Second, GAO has no remedies available at law to compensate for the injury. No amount of monetary damages will remedy the denial of P&A authority and access to records. The only adequate remedy is the imposition of an injunction enjoining the Defendant from denying access to GAO.

Third, Congress has already balanced the hardships between the parties by specifically granting to P&As broad access to records, including the type of records at issue here. Defendant will be unable to demonstrate any harm by granting GAO access to records pursuant to the P&A Acts.

Finally, the public interest is served when a Congressional mandate is upheld and followed.

Accordingly, the entry of a permanent injunction is appropriate. Plaintiff has included in its proposed order an injunction which provides specific requirements

for GAO access to records in the possession of Defendant consistent with the P&A Acts.

## IV.    CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Summary Judgment and Injunctive Relief.  A proposed order is attached.

## **LOCAL RULE 7.1D CERTIFICATION**

In accordance with LR7.1D, Plaintiff's counsel certifies that this Memorandum of Law has been prepared in 14 point Times New Roman font, approved by the Court in LR 5.1B.

Respectfully submitted this 30th day of June, 2016.

s/ Joshua H. Norris
Georgia Bar No. 545854

Attorney for Plaintiff

Georgia Advocacy Office
One West Court Square, Suite 625
Decatur, Georgia 30030
Telephone: (404) 885-1234
Facsimile: (404) 378-0031
jnorris@thegao.org