IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| GEORGIA ADVOCACY OFFICE, INC., )<br>     Plaintiff  )<br> v.        )<br>          )<br>CLYDE L. REESE III, Esq., in his official )<br>capacity as Commissioner of THE )<br>DEPARTMENT OF COMMUNITY )<br>HEALTH,     )<br>     Defendant. ) | CIVIL ACTION<br>FILE NO. 1:15-CV-3372-AT |

## **PROPOSED ORDER**

This matter is before the Court on Plaintiff Georgia Advocacy Office's motion for summary judgment and injunctive relief. GAO argues that it is entitled to summary judgment on its claim against Defendant Reese for failing to provide GAO access to records under the P&A Acts. GAO also argues that it is entitled to injunctive relief to enjoin Defendant from denying GAO access to records under the P&A Acts. For the reasons discussed below, GAO's motion for summary judgment is **GRANTED**, and GAO's motion for injunctive relief is **GRANTED**.

## I. PROCEDURAL HISTORY

Plaintiff GAO initiated this action on September 24, 2015, after the Health Facility Regulation Division ("HFR") of the Georgia Department of Community Health denied Plaintiff's request for records relating to alleged incidents of abuse and neglect at skilled nursing facilities in the state. GAO's complaint [Doc. 1] seeks declaratory and injunctive relief under 42 U.S.C. §1983 for Defendant's alleged violations of its rights to conduct investigations and access records of individuals with disabilities pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. §§ 15001 et seq.; the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. §§ 10801 et seq.; and the Protection and Advocacy of Individuals Rights ("PAIR") Program of the Rehabilitation Act, 29 U.S.C. § 794e. Defendant filed a motion to dismiss which was denied. [Doc. 12]. The parties agreed at a status conference to resolve this matter by Plaintiff filing a motion for summary. The parties filed a Stipulation of Facts [Doc. 16] to support the motion for summary judgment.

## II. LEGAL STANDARDS

### A. STANDARD FOR SUMMARY JUDGMENT

The Court must grant summary judgment if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A factual issue is material if resolving the factual issue might change the suit's outcome under the governing law. *Id.*  The motion should be granted only if no rational fact finder could return a verdict in favor of the non-moving party. *Id.* at 249, 106 S.Ct. 2505.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).  The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue for trial. *Id.* at

324-26, 106 S.Ct. 2548.  The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. 2505.

### B. STANDARD FOR PERMANENT INJUNCTION

A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  "A plaintiff must demonstrate: (1) that is has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).  The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court. *Id.*

### III.  FACTUAL BACKGROUND

The parties have stipulated to all facts material to the disposition of this case. [Doc. 16].  The following is a summary of the stipulated facts.

Plaintiff GAO is a private, non-profit Georgia corporation that provides protection and advocacy services to individuals with disabilities throughout the

State of Georgia. [Doc. 16 ¶ 1]. GAO operates as Georgia's designated protection and advocacy system ("P&A") for protecting the rights of individuals with disabilities pursuant to federal legislation collectively referred to as the Protection and Advocacy Acts ("P&A Acts"). [*Id*.]. The P&A Acts include the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the "DD Act"), 42 U.S.C. §§15001 *et seq*., the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. §10801 *et seq.*, and the Protection and Advocacy of Individual Rights (PAIR) Program of the Rehabilitation Act, 29 U.S.C. § 794e. [*Id*.].

HFR, a division of the Georgia Department of Community Health ("DCH"), is a state licensing and certification agency responsible for the oversight of various health care facilities and services in the state of Georgia. [*Id*. ¶3]. HFR is contracted by the federal Centers for Medicare and Medicaid Services ("CMS") to serve as the state survey agency for Georgia to investigate complaints or incidents at skilled nursing facilities in Georgia. [*Id*.].

GAO initiated this action after HFR denied GAO's requests for investigatory records related to the abuse and neglect of two individuals with disabilities at three skilled nursing facilities in Georgia. GAO made its first request for records pursuant to the P&A Acts by a letter to HFR on July 27, 2015 after receiving

information that R., a person with a physical disability, had been subject to abuse at a skilled nursing facility in Macon, Georgia. [*Id*. ¶¶ 5,7]. GAO determined that HFR had records relevant to GAO's investigation. [*Id*. ¶ 6]. R. authorized GAO to have access to her records pursuant to the P&A Acts. [*Id*. ¶ 5]. HFR denied GAO's request on July 29, 2015 pursuant to directions from the Region 4 Office of the Centers for Medicaid & Medicaid Services of the U.S. Department of Health and Human Services ("CMS"). [*Id*. ¶ 8]. GAO sent a second request to HFR's legal officer for the records on July 30, 2015, that clarified GAO's access authority and entitlement to the records. [*Id*. ¶ 9]. On August 6, 2015, HFR again denied the request for records. [*Id*. ¶ 10].

GAO's second request for records from HFR concerned G., a person with physical disabilities, was subject to neglect while at a skilled nursing facility in Byromville, Georgia, and at a skilled nursing facility in in Ideal, Georgia. [*Id*. ¶ 11]. GAO filed a complaint with CMS regarding the failure of the two skilled nursing facilities to provide appropriate wheelchair to G., which resulted in injury to him. [*Id*. ¶ 13]. CMS delegated the investigation to HFR. Id. G. authorized GAO to have access to his records pursuant to the P&A Acts. [*Id*. ¶ 12]. On August 10, 2015, GAO requested records from HFR pursuant to the P&A Acts related to HFR's investigations of the two skilled nursing facilities arising out of G.'s

injuries. [*Id*. ¶¶ 14, 15]. HFR denied GAO's request on August 12, 2015, pursuant to directions from the Region 4 Office of the Centers for Medicare & Medicaid Services of the U.S. Department of Health and Human Services ("CMS"). [*Id*. ¶ 16].

HFR has possession of investigatory records related to R. and G. [*Id*. ¶ 18]. However, to date, GAO has not received any responsive records from HFR related to R. or G. [*Id*. ¶ 17].

## IV. ANALYSIS

### A. Summary Judgment

Plaintiff GAO seeks summary judgment against Defendant as a matter of law on its sole claim of violation of the P&A Acts. GAO argues there is no genuine issue as to any material fact that Defendant Reese failed to produce investigatory records pursuant to a proper request from GAO under the P&A Acts.

Congress enacted the P&A Acts to protect the legal and human rights of individuals with disabilities through the creation of state P&A Systems. 29 U.S.C. § 794e(a)(1); 42 U.S.C. § 15041. To achieve this aim, the P&A Acts prevent states from receiving certain types of federal funding unless they "have in effect a system to protect and advocate the rights of individuals with disabilities." 29 U.S.C. § 794e(f)(1); *see also* 42 U.S.C. § 15043(a)(1). Part of satisfying this federal

mandate includes vesting P&As with the authority to investigate incidents of abuse or neglect when such incidents are reported to the system, or when the P&A has probable cause to believe the events occurred. 42 U.S.C. § 15043(a)(2)(B).[1]  The P&A Acts also entitle a P&A to access "all records" relevant to investigating incidents of abuse or neglect, including individual's records when it has an authorization, when it determines there is probable cause to believe that abuse or neglect has occurred, or in any case of death. 42 U.S.C. § 15043(a)(2)(I)-(J).  Most pertinent to this case, 42 U.S.C. § 15043(a)(2)(I)(i) authorizes a P&A to access all records of an individual who has authorized the P&A to have such access.  Here, GAO received authorizations from R. and G. to access their records. [Doc. 16 ¶¶ 5, 12].  The statute further clarifies that the P&A shall have access to "records that are relevant to conducting an investigation . . ." 42 U.S.C. § 15043(a)(2)(J)(i).

The express language of the statutes makes clear that P&As *must* have broad and ready access to records and information to effectively pursue their mandates under the P&A Acts. *Alabama Disabilities Advocacy Program v. J.S. Tarwater Dev. Ctr.*, 894 F. Supp. 424, 429 (M.D.Ala. 1995) aff'd 97 F.3d 492 (11th Cir.

---

[1] Plaintiff submitted records requests to HFR pursuant to PAIR, 29 U.S.C. § 794e.  In describing P&A investigatory and access authorities, the PAIR statute incorporates by reference the authorities prescribed under the DD Act, 42 U.S.C. §§ 15001 *et seq.* 29 U.S.C. §794e(f)(2).  Thus, the Court's analysis of GAO's statutory entitlement to records cites the DD Act sections.

1996) ("The authority to investigate would mean nothing and advocacy in the form of investigation would be ineffective without access to records."); *see also Mississippi Protection and Advocacy Sys., Inc. v. Cotten*, 929 F.2d 1054, 158-59 (5th Cir. 1991) (holding that a state facilities' regulations limiting a P&A's access to residents violated the DD Act and stating, "[t]he state cannot satisfy the requirements of the DDA by establishing a protection and advocacy system which has this authority in theory, but then taking action which prevents the system from exercising that authority").

In addition to the broad and ready access to records and information permitted by the P&A Acts, the regulations promulgated under the DD Act specifically identify reports prepared by state and federal licensing and certification agencies, such as HFR, among the types of records that must be disclosed to P&As. 45 C.F.R. § 1386.25(b)(1)-(2).  The regulations provide that "[i]ndividual records to which P&A systems must have access under [the DD Act] . . . shall include, but shall not be limited to . . . reports prepared by Federal, State or local governmental agency . . . charged with investigating incidents of abuse or neglect, injury or death." *Id*.  The regulation sets out an expansive list of organizations whose reports are subject to this requirement, including "State and Federal licensing and certification agencies." *Id*.  It further clarifies that such

organizations must comply with this requirement "regardless of whether they are protected by federal or state law." *Id*.

In contrast to the clear statutory authority conferred by the P&A Acts, Defendant has not presented any relevant authority expressly prohibiting a state survey agency from releasing records to a P&A. As a result, Defendant has failed to show that there is a genuine issue for trial.

Based upon the record, there is no genuine issue as to any material fact as the parties have stipulated to the facts. Additionally, the P&A Acts make clear that state survey agencies, like HFR, must disclose individual records and reports relating to incidents of abuse or neglect to the P&A Systems under federal law. Plaintiff is entitled to judgment as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED**.

### B. INJUNCTIVE RELIEF

Having determined GAO is entitled to judgment as a matter of law on the question of GAO's access to Defendant's investigatory records under the P&A Acts, the Court now turns to Plaintiff's request for injunctive relief. Plaintiff GAO seeks injunctive relief which enjoins Defendant from denying GAO prompt access to records to which GAO is entitled under the P&A Acts.

The Court concludes an injunction is appropriate. First, Defendant's failure to allow the required access by GAO constitutes irreparable injury. GAO cannot fulfill its Congressional mandate to investigate abuse and neglect without access to Defendant's investigatory records. Second, GAO has no remedies at law; no amount of monetary damages will provide GAO with the records it needs. Third, Congress has clearly balanced the hardships in disclosing investigatory records in favor of the P&As. Defendant will not be harmed by the issuance of a permanent injunction enjoining Defendant from denying GAO investigatory records. Without an injunction, GAO will be harmed by the continued denial of the records which impedes its ability to investigate abuse and neglect. Finally, the public interest is undoubtedly served when a Congressional mandate is followed. Accordingly Plaintiff's Motion for Injunctive Relief is **GRANTED**.

**IT IS HEREBY ADJUDGED, ORDERED AND DECREED:**

1. HFR shall grant GAO access to the records of individuals with disabilities promptly under the following circumstances:

    a. upon the presentation of an authorization of an individual or the individual's legal guardian, or

    b. upon GAO's assertion of probable cause to suspect abuse or neglect where the individual is unable to authorize access to her/his records, the

    State (i.e., the Georgia Division of Family and Children Services ("DFCS") or the Georgia Public Guardianship Office ("PGO")) is the guardian, or the individual has a legal guardian and the legal guardian has failed or refused to provide consent after a good faith effort to contact the guardian by GAO.

  c. If GAO determines there is probable cause to believe that the health and safety of an individual is in serious and immediate jeopardy, no consent from another party is needed.

  d. In the case of death, GAO does not require probable cause or consent from another party to access records of the individual with a disability.

2. The records to which GAO shall have access (whether written or in another medium, draft, preliminary or final, including handwritten notes, electronic files, photographs or video or audiotape records) shall include, but shall not be limited to:

  a. Reports prepared by HFR (or any of its agents) related to the investigation of incidents of abuse or neglect, injury or death. The reports subject to this requirement describe any of the following:

    i. The incidents of abuse, neglect, injury or death;

    ii. The steps taken to investigate the incidents;

    iii. Reports and records, including personnel records, prepared or maintained by the service provider in connection with such reports of incidents; or

    iv. Supporting information that was relied upon in creating a report including all information and records that describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings.

3. The time period in which GAO must be given access to records varies depending upon the following circumstances:

    a. If GAO determines that there is probable cause to believe that the health or safety of an individual with a disability is in serious and immediate jeopardy, or in the case of the death of an individual with a disability, access to the records of the individual with a disability shall be provided to GAO within twenty-four (24) hours of the receipt of GAO's written request for the records without consent of another party.

    b. In all other cases, access to records of individuals with disabilities shall be provided to GAO within three (3) business days after the receipt of GAO's written request for the records.

4. GAO shall be permitted to inspect and copy information and records, subject to a reasonable charge to offset duplicating costs.  If HFR or its agents copy the records for GAO, it may not charge GAO an amount that exceeds the rate specified in Georgia's Open Records Act, O.C.G.A. § 50-18-70 et seq.  HFR may not require payment in advance of producing the copies.  If records are kept or maintained electronically, they shall be provided to GAO electronically.

5. In the event HFR or its agents denies, limits, or delays GAO's access to records beyond the deadlines specified in paragraph 3, HFR shall promptly provide to GAO, within one business day after the expiration of such deadline, a written statement of the reasons for the denial, limitation or delay.  Upon receipt of the written statement, GAO shall attempt to resolve the denial, limitation or delay of access by contacting the Department's General Counsel.  GAO may seek to enforce this Order if the Department has not resolved the denial, limit or delay of access with five (5) business days after attempting to contact the Department's General Counsel.

6. The Court shall retain jurisdiction for the purpose of enforcing the terms of this Order until August 1, 2019.  GAO may apply to the Court for such further orders as may be necessary for the enforcement of this Order.

IT IS SO ORDERED this \_\_\_\_\_ day of July, 2016.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE