IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGIA ADVOCACY OFFICE,       :
INC.,                          :
                               :
        Plaintiff,             :
                               :
v.                             :
                               :
CLYDE L. REESE, III, ESQ., in his   :    CIVIL ACTION NO.
official capacity as Commissioner of :   1:15-cv-3372-AT
THE DEPARTMENT OF              :
COMMUNITY HEALTH,              :
                               :
        Defendant.             :

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for Attorney's Fees and Expenses [Docs. 27, 31] under 42 U.S.C. § 1988.

Plaintiff, Georgia Advocacy Office, Inc. ("GAO") initiated this action after the Georgia Health Facility Regulation Division ("HFR") of the Department of Community Health ("DCH") denied Plaintiff's request for records relating to alleged incidents of abuse and neglect at skilled nursing facilities in the state. GAO's Complaint sought declaratory and injunctive relief under 42 U.S.C. § 1983 for Defendant's alleged violations of its rights to conduct investigations and access records of individuals with disabilities pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. §§ 15001 *et seq.*; the Protection and Advocacy for Individuals with Mental Illness

("PAIMI") Act, 42 U.S.C. §§ 10801 *et seq.*; and the Protection and Advocacy of Individual Rights ("PAIR") Program of the Rehabilitation Act, 29 U.S.C. § 794e.

After the Court denied Defendant's Motion to Dismiss, the parties essentially agreed to a resolution of the case.  Initially, the parties attempted to resolve the case through settlement and entry of a Consent Order.  But as a result of a "quirky contractual relationship" between HFR and the Centers for Medicare and Medicaid Services ("CMS"), CMS refused to approve of the settlement agreement.  Ultimately, the parties agreed to resolve the case through summary judgment.  Defendant agreed to stipulate to the facts and expressly acknowledged that the Court's April 25, 2016 Order on the Motion to Dismiss resolved the legal issue in dispute and that a permanent injunction was appropriate in this matter to prevent litigation over the issue in the future.  (*See* Doc. 20 at 1.)  Nonetheless, Defendant raised certain concerns in its Response to Plaintiff's Motion for Summary Judgment, which Plaintiff addressed in its Reply and in a proposed order.  Defendant declined to assert any objections to the Court's entry of Plaintiff's revised proposed order, and the Court entered the Order granting summary judgment to Plaintiff and granting the detailed injunctive relief requested.

Plaintiff seeks $44,890.00 in fees and $400 in expenses for a total of $45,290, based on 116.75 hours of billable time. Defendant objects to the requested fees as overly excessive on a handful of grounds and submits that

Plaintiff should be awarded only $14,870 in attorney's fees for 42.25 hours of billable time.

For the following reasons, the Court **GRANTS IN PART** Plaintiff's Motion and awards Plaintiff $42,630.00 in fees and expenses.

### I.    Standard

Prevailing parties in civil rights actions are entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  The determination of a reasonable attorney's fee is left to the sound discretion of the trial judge after proper application of a lodestar fee analysis.  *Id.* at 436 (1983); *Natco, Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001) (on appeal, reviewing fee award for abuse of discretion and applying *Hensley* analysis); *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322 (11th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  The starting pointing for calculating a reasonable attorney's fee award is the determination of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433 (1983); *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The product of this formula is the "lodestar." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).

Plaintiff, as the party seeking an award of fees here, bears the burden of demonstrating the reasonableness of the attorney hours worked and the rates

claimed.  *Hensley*, 461 U.S. at 433; *Norman*, 836 F.2d at 1304.  That burden includes

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. . . .  A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

*ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  Similarly, in opposing the Plaintiffs' fee application, Defendant has an obligation to make specific and "reasonably precise" objections and proof concerning hours it wants excluded from any award.  *Yule v. Jones*, 766 F. Supp. 2d 1333, 1341 (N.D. Ga. 2010) (citing *Hensley*, 461 U.S. at 428).

There is no precise rule or formula the Court must follow in determining what is a reasonable fee award.  The court may "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."  *Hensley*, 461 U.S. at 436-437; *see also Bivens v. Wrap It Up, Inc.*, 548 F.3d at 1350  ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."); *Loranger*, 10 F.3d at 783 (holding that where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis . . . [instead] it may [] reduce the [hours devoted to litigation] in gross if a review of the

resubmitted fee request warrants such a reduction.")   A Court may *not* both engage in an hour-by-hour analysis *and* impose an across-the-board cut.  *Wrap It Up, Inc.*, 548 F.3d at 1351 ("the district court is to apply either method, not both.")

In determining reasonable attorney hours and fees, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees."  *Norman*, 836 F.2d at 1303 (internal citations omitted).   And the Court must bear in mind "that the measure of reasonable hours is determined by the profession's judgment of the time that may be consciously billed . . . not the least time in which it might theoretically have been done."  *Id*. at 1306.

## II.   Analysis

Defendant does not challenge the hourly rates charged by Plaintiff's attorneys, only the number of hours billed for certain tasks.

### A.   Billing Increments

First, Defendant objects to Plaintiff's counsel billing in quarter-hour increments.   According to its Reply, Plaintiff GAO records the time of its employees in quarter-hour increments to comply with reporting and record-keeping requirements as the designated Protection and Advocacy (P&A) System for Georgia.   Some district courts have reduced fee awards due to the attorneys' practice of rounding off time entries to the nearest quarter hour. *See Ramsey v. State of Alabama Pub. Serv. Comm'n*, CIV.A. 96-T-275-N, 2000 WL 426187, at

5

*4 (M.D. Ala. Apr. 13, 2000) (citing cases and finding that rounding to the nearest quarter hour "could result in a substantial windfall to the attorneys," and reducing each fifteen minute time entry by one-eighth of an hour); *ABC Charters, Inc. v. Bronson*, 2010 WL 1332715, at *3 (S.D. Fla. Mar. 16, 2010) (finding that because attorney's practice of rounding to the quarter hour does not accurately reflect the number of hours spent on each task and is very likely to inflate the attorney's time a 10% across the board reduction was reasonable); *but see Sandoval v. Apfel*, 2000 WL 245241 at *12(N.D. Tex. Feb. 29, 2000) (Fitzwater, J.) (billing in quarter-hour increments is not per se unreasonable, and does not necessarily require a reduction in attorney's fee award); *Morimano v. Taco Bell*, 979 F. Supp. 791, 799(N.D. Ind. 1997) (Lee, J.) (same).  The Eleventh Circuit has not ruled that such a billing practice is necessarily unreasonable.

Plaintiff GAO is a non-profit corporation that receives federal funding to provide protection and advocacy ("P&A") for people with disabilities and mental illness in the State of Georgia.  (Norris Decl. ¶ 7.)  GAO investigates instances of abuse, neglect and death and advocates on behalf of adults and children with disabilities, pursuing legal action when necessary. (*Id.*)  Plaintiff GAO is not requesting reimbursement for all attorney hours worked and instead has excluded 29.6 hours in order to seek a reduced fee award.  In addition, Plaintiff has offered expert testimony from attorney John Fleming attesting to the reasonableness of its fees.  Under these circumstances, the Court declines to

reduce the hours based solely on Plaintiff's practice of recording its time in quarter-hour increments.

### B.    Lead Counsel's Billable Hours

Defendant next objects to the amount of time billed by Plaintiff's lead counsel, Josh Norris, as egregious based on the actual work performed and his level of experience.

Defendant objects to Mr. Norris having billed: (a) 10.50 hours drafting and revising the Complaint; (b) 1.75 hours editing Plaintiff's Response to the motion to dismiss; (c) 5.5 hours drafting and editing the Stipulation of Facts in connection with the Motion for Summary Judgment; and (d) 3 hours drafting emails and letters and preparing for status conferences. In its Reply, Plaintiff agrees to reduce the hours charged for the time spent on the Stipulation of Facts from 5.5 hours to 2 hours.   The Court has reviewed Plaintiffs' time entries, Declarations, and the arguments in the Reply and finds the remaining time entries to be reasonable.

Defendant also objects to the 16.75 hours Mr. Norris billed for work performed in connection with a proposed settlement and drafting of a consent decree that was never filed, including 1.5 hours spent "preparing billable time" for Plaintiff's settlement proposal.  Plaintiff has written off several hours of this time and only seeks reimbursement for a total of 12.50 hours.  The Court finds that the time spent attempting to resolve the case without the necessity of filing summary judgment motions (including documenting attorney's fees as an element of

recovery) was reasonable and that the 3 hours sought for drafting the proposed consent decree is not excessive.

Defendant further objects to Mr. Norris's billing entries characterized by Defendants as unrelated to this litigation, including: (a) 0.50 hours drafting a subpoena request to DCH on January 18, 2016, (b) 0.25 hours on May 11, 2016 regarding a check to DCH, (c) 2.50 hours drafting a protective order on June 16, 2016, and (d) 0.50 hours for a meeting regarding a time keeping program on June 23, 2016. It is unclear why Defendant asserts these tasks are unrelated to the litigation and Plaintiffs do not provide any reply regarding these entries. Having reviewed the table of entries for Josh Norris attached to his Declaration, it appears that Defendant is objecting to hours Norris has written off and for which Plaintiff is not seeking to charge Defendant.[1]  The Court will deduct 0.5 hours from the 3 hours billed for drafting the subpoena and protective order.

Finally, Defendant objects to Mr. Norris's billing 27.25 hours in drafting and editing the Motion for Summary Judgment as egregious because the motion was uncontested and was a repeat of Plaintiff's prior filings.  In its Reply, Plaintiff justifies the hours billed on several grounds: (1) Defendant overstates the level of its cooperation in the litigation; (2) the issue of whether the court could enter an injunction without a hearing as part of the motion for summary judgment took additional time to research; and (3) counsel spent the majority of time drafting

[1] For example, neither the May 11th entry regarding the check to DCH nor the June 23rd entry regarding the time keeping program appear on Plaintiffs' table of entries attached to Norris's Declaration.

8

the proposed order which required reconciling the various provisions of the P&A Acts which are not identical and incorporating new regulations promulgated by DHS during the summer of 2015.  Though the majority of time therefore appears reasonable under the circumstances, because Mr. Norris failed to provide adequate detail for each entry, his fees will be reduced by the equivalent of 2 hours.

### C.    Requested Reductions for Associate Counsels' Time

Although Defendant concedes that Ms. D'Ambrosio and Ms. Kegley's time spent on the case is reasonable overall, they request the Court to make modest cuts to certain time entries.  Defendant objects to Ms. D'Ambrosio's billing: (a) 1.75 hours drafting and filing the Complaint after Mr. Norris billed 10.75 hours for the same task; (b) 1.25 hours preparing summons and service letters and filing documents; and (c) 1 hour drafting and editing a joint motion for extension of time.  Defendant objects to Ms. Kegley's billing 2 hours in time for preparing bills and filing documents.

In its Reply, Plaintiff asserts that "it is not unreasonable for Plaintiff's counsel D'Ambrosio, as junior attorney, to begin drafting the complaint, and for Plaintiff's counsel Norris as senior attorney, to finish drafting the complaint and make revisions." (Doc. 34 at 12.)  But, a review of the time entries show that Mr. Norris began drafting the Complaint on August 20, 2015, and continued the initial drafting and revising from August 24, 2015 through September 24, 2016, while Ms. D'Ambrosio's only entries for drafting and filing the Complaint are on

September 24, 2016.  The chronology of these entries are shown below in the table prepared by Defendant as attached to its Response in opposition to Plaintiff's fee request:

| BILLABLE TIME FOR JOSH NORRIS | | | |
|---|---|---|---|
| **Complaint Entries** | **Dates** | **Hours** | **Revised Hours** |
| DCH Access Pleadings | 8/20/2015 | 1.50 | 1.50 |
| Edit DCH Access Complaints | 8/24/2015 | 1.00 | 1.00 |
| DCH Access Pleadings - Review | 9/3/2015 | 0.25 | 0.25 |
| DCH Access Pleadings | 9/9/2015 | 2.00 | 1.75 |
| DCH Access - Kadie Re: Complaint Edits | 9/10/2015 | 0.50 | 0.50 |
| DCH Access - Revise Complaint | 9/10/2015 | 0.50 | 0.50 |
| Revise DCH Access Complaint | 9/10/2015 | 1.50 | 1.50 |
| DCH Access Complaint | 9/22/2015 | 1.00 | 1.00 |
| DCH Access Complaint | 9/23/2015 | 1.50 | 1.50 |
| Revise Complaint | 9/24/2015 | 1.00 | 1.00 |
| | **Total hours billed:** | 10.75 | 10.50 |
| **Rate billed: $400/hr** | **Total fees claimed:** | $4,300.00 | $4,200.00 |
| | **Total hours allowed:** | 6.0 | |
| | **Total fees allowed:** | $2,400.00 | |

| BILLABLE TIME FOR KATHERINE D'AMBROSIO | | |
|---|---|---|
| **Complaint Entries** | **Dates** | **Hours** |
| Draft Complaint | 9/24/2015 | 1.50 |
| File Complaint | 9/24/2015 | 0.25 |
| | **Total hours billed:** | 1.75 hrs |
| **Rate billed: $200/hr** | **Total fees claimed:** | $350.00 |
| | **Total hours allowed:** | 0 |
| | **Total fees allowed:** | 0 |

(Ex. A to Resp., Doc. 32-1 at 2.)   The Court acknowledges that Plaintiff's description of the breakout in work between Norris and D'Ambrosio may be the result of an honest mistake and therefore does not intend to cast any aspersions on counsel's credibility.  Out of an abundance of caution, however, the Court will deduct from Plaintiff's fee award 1.5 hours of Ms. D'Ambrosio's time spent drafting the Complaint.

Because Plaintiff GAO is a non-profit state-wide agency that does not employ paralegals or legal administrative staff, the Court finds that counsel's time spent on "administrative tasks" is compensable.   In addition, contrary to Defendant's assertions, Plaintiff's counsel may recover for time spent preparing billable hours in conjunction with its fee petition.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."); *Johnson v. University College of the University of Alabama in Birmingham*, 706 F.2d 1205, 1207 (11th Cir.1983) (holding that attorney may recover time spent in conjunction with litigating entitlement to fees under § 1988).

Specifically, the Court finds that Ms. D'Ambrosio's 1.25 hours preparing and filing summons forms and letters of service is reasonable.  The Court agrees, however, that Ms. D'Ambrosio's billing 1 hour for drafting and editing a joint motion for extension of time is not reasonable and will reduce the time as suggested by Defendants to 0.25 hours.  Finally, in light of the administrative nature of the work combined with Ms. Kegley's higher hourly rate, the Court will deduct the equivalent of 0.5 hours from Ms. Kegley's time spent filing pleadings, including her Notice of Appearance and Plaintiff's Reply in support of the Motion for Summary Judgment.

**D.**     **Objections to Mr. Weber's Time Billed for Motion for Attorney's Fees**

Defendant objects to Plaintiff hiring attorney Gerald Weber for the sole purpose of preparing Plaintiff's Motion for Attorney Fees and grossly overbilling 20 hours in connection with his work which makes up nearly 20% of the total fees requested.   Because, Defendant asserts, Mr. Weber did nothing to advance the actual litigation and spent an inordinate amount of time on a simple fee request, Defendant asks the Court to award him no more than 2 hours of billable time.

The Eleventh Circuit has held that a prevailing party under § 1988 is entitled to be compensated for the costs reasonably incurred in hiring another attorney to prosecute its fee application.  *Jonas v. Stack*, 758 F.2d 567, 569 (11th Cir. 1985).  According to his Declaration, Mr. Weber is frequently retained for the sole purpose of preparing prevailing party fee applications.

In its Reply, Plaintiff justifies the reasonableness of Mr. Weber's fees by providing a breakdown of the time spent on specific tasks, summarized in the following chart:

| Category | Hours Spent | Hours Billed (Write-off) |
|---|---|---|
| Familiarizing with case | 1.3 | 1.1 |
| Attempting settlement of fees | 4.3 | 4.3 |
| Compiling attorney-time for fee motion | 3.8 | 3.0[2] |
| Research Totenberg fee decisions and recent Supreme Court decisions | 2.8 | 2.5 |

---

[2] Counsel agreed to reduce this time in its Reply, not in the original motion.

| Category | Hours Spent | Hours Billed (Write-off) |
|---|---|---|
| Drafting motion for fees | 8.7 | 3.1 |
| Drafting attorney declarations in support of motion (including counsel who no longer work with GAO and expert on fees)[3] | 3.9 | 3.3 |
| Preparing Reply in support of fee motion | 5.3 | 5.3 |

Plaintiff concedes that the fee application was not particularly complex, but asserts that "the matter requires careful presentation because – as shown here – defense counsel attempts to assert unsubstantiated claims of unreasonableness." (Reply, Doc. 34 at 11.)   As Defendants point out here, however, there was no dispute that Plaintiff, as a prevailing party, was entitled to a reasonable fee award, and Plaintiff's motion devoted very little argument on the sole contested issue – the reasonableness of the hours requested.   Having engaged in efforts to settle the fees with Defendant, it seems likely that Mr. Weber was privy to the objections Defendant has raised here in response to the hours billed.   The Court appreciates that Mr. Weber reviewed the total hours and exercised prudent billing judgment in cutting hours.   It is not clear, though, why Plaintiff did not address Defendant's billing concerns in its initial brief.[4]     All that said, the hours actually charged were generally reasonable.

---

[3] Plaintiff notes that no time was sought by those counsel for their fee declarations.

[4] Despite the Eleventh Circuit's long-standing admonition that "[a] well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case," no attempt (prior to the Reply) was made to provide such a summary grouping to aid the Court in its task of determining the reasonableness of the fees requested.  *Barnes*, 168 F.3d

After thoroughly reviewing all of the documents, billing records, and evidence filed in support of and opposing the fee motion, and relying on its own experience, the Court finds that a reduction of Mr. Weber's fees by the equivalent of 2 hours is warranted.  *Norman*, 836 F.2d at 1303 ("where the time or fees claimed seem expanded . . . the court may make the award on its own experience.")

## III.   Conclusion

In addition to the requested attorney's fees, Plaintiff seeks reimbursement of the $400 filing fee.  Defendant does not oppose this request.  Accordingly, for the foregoing reasons, the Court awards Plaintiffs $400 in expenses and $42,230.00 in attorney's fees for a total award of $42,630.00, as calculated below:

| Attorney | Hourly Rate | Hours Billed | Fees Requested | Reduction | Fees Awarded |
|---|---|---|---|---|---|
| Josh Norris | $400.00 | 62.75 | $25,100.00 | 2.5 hours x $400 = $1,000 | $24,100.00 |
| Katherine D'Ambrosio | $200.00 | 15.50 | $3,100.00 | 2.25 hours x $200 = $450 | $2,650.00 |
| Julie Kegley | $340.00 | 18.5 | $6,290.00 | 0.5 hours x $340 = $170 | $6,120.00 |
| Gerry Weber | $520.00 | 20.0 | $10,400.00 | 2.0 hours x $520.00 = $1,040 | $9,360.00 |
| **Total Fees Awarded**:  **$ 42,230.00** | | | | | |

Defendant is **DIRECTED** to remit payment on or before August 1, 2017.

---

at 427.  Had such a summary been provided, Plaintiff could have possibly avoided the expense of filing a Reply.

**IT IS SO ORDERED** this 30th day of May, 2017.

**Amy Totenberg**
**United States District Judge**